T.C. Summary Opinion 2015-33

UNITED STATES TAX COURT

PRISCILLA J. LEE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29930-13S.                    Filed May 4, 2015.

Priscilla J. Lee, pro se.

Halvor R. Melom, for respondent.

SUMMARY OPINION

COHEN, Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other Court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, all section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $5,642 deficiency and a $1,128.40 section 6662(a) penalty with respect to petitioner's 2010 Federal income tax. After concessions, the issues for decision are whether certain expenses that petitioner reported are deductible either as employee expenses or as business expenses on Schedule C, Profit or Loss From Business, and whether petitioner is liable for the penalty.

## Background

Petitioner resided in California at the time she filed her petition. During 2010, she was retired from her prior position as an educator but continued to consult with teachers and high school students involved in the UCLA (University of California at Los Angeles) AP (advanced placement) Readiness Program. From January 11 through April 17, 2010, petitioner participated in four workshops at UCLA. During 2010, petitioner was paid $4,881 as wages for these services.

During 2010 petitioner also acted as a travel agent consultant, working with a travel agency to book cruises that would appeal to older people with needs for accessible facilities and favorable passenger-to-staff ratios. Most of her travel

agent clients were friends or friends of friends. During 2010, petitioner was paid $3,143 in commissions for her travel agent activities.

During 2010, petitioner and her companion took a cruise from New York to Los Angeles by way of the Panama Canal. Stops along the way included the Florida Everglades and the Costa Rican rain forests. She also made an advance payment on a 40-day cruise from India to Africa to be taken in 2011. She and her companion also visited universities and museums in California during 2010.

Petitioner paid expenses in 2010 for a variety of other items, including decorative items, subscriptions, local transportation, storage, telephone and Internet, supplies, and postage. Petitioner maintained receipts for such expenses but did not segregate them among expenses relating to her UCLA activities, her travel agent activities, and personal expenses.

On a Schedule C attached to her 2010 Form 1040, U.S. Individual Income Tax Return, petitioner deducted $27,744 in expenses from the $3,143 gross receipts from the travel agent activity, reporting a $24,601 net loss to be deducted against her other reported income totaling $76,207. The largest item claimed as a deduction was "research travel $15,288". Petitioner did not itemize deductions and thus did not attribute any of the expenses claimed as a deduction on the return to her UCLA activities as employee business expenses. She claimed the standard

deduction of $7,100.  Her adjusted gross income for purposes of section 67(a) was reported as $51,606.

## Discussion

During negotiations with respondent's counsel prior to trial and during her testimony at trial, petitioner attempted to justify expenses as relating to either her UCLA activities or her travel agent activities.  Petitioner had deducted all of the disputed expenses on Schedule C, but those, if any, properly allocable to her UCLA employee expenses would be reportable on Schedule A, Itemized Deductions, and subject to the 2% limitation of section 67(a).

Claimed Travel Expenses

The largest amount in dispute relates to petitioner's claim that expenses for cruise travel with her companion enabled her to advise prospective travel agency clients or to obtain information that would be relevant to counseling high school students and teachers in the UCLA AP Program.  She essentially claimed that any information obtained through her travel was useful in broadening the knowledge that she would convey to others.

Under section 274(m)(2), no deduction is allowed "for expenses for travel as a form of education."  Taxpayers may deduct expenses incurred while traveling away from home if the trip is primarily to obtain education that has the requisite

relation to the taxpayer's business. Sec. 1.162-5(e)(1), Income Tax Regs. If as an incident of such a trip the taxpayer engages in some personal activity such as "sightseeing, social visiting, or entertaining, or other recreation", the portion of the expenses attributable to such personal activities is not deductible pursuant to section 262. Id.

To deduct expenses incurred for travel, meals, and lodging while away from home on job-related education, a taxpayer must satisfy the strict substantiation requirements of section 274(d). Section 274(d) disallows deductions for traveling expenses, including meals and lodging, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amounts of such expenses, (2) the time and place such expenses were incurred, and (3) the business purpose for which such expenses were incurred. See sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Adequate records generally must be written and must be prepared or maintained such that a record of each element of an expenditure or use that must be substantiated is made at or near the time of the expenditure or use when the taxpayer has full present knowledge of each element. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). In the alternative, each element of an expenditure or use must be established by the

taxpayer's own written or oral statement "containing specific information in detail as to such element" combined with corroborative evidence to establish such element. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). For expenses subject to section 274(d), neither a taxpayer nor the Court may estimate otherwise permissible deductions. See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969).

Petitioner produced receipts for the cruises, shipboard purchases, and related expenses. The receipts do not show any business purpose for the expenses, and petitioner's testimony was not corroborated. Her rationale for deductibility is unpersuasive, and we need not accept it. The shifting explanations and the failure to allocate among expenses related to UCLA activities involving high school students and teachers, travel agent activities involving older travelers, and personal expenses of traveling with her companion undermine the reliability of her testimony. We conclude that she has not satisfied the strict substantiation requirements of section 274(d).

Other Expenses

Petitioner deducted travel and meals and entertainment expenses in addition to those claimed as "research travel" expenses. Some of the expenses

related to travel to universities within California that she claimed related to her UCLA activities. To substantiate the other expenses reported on Schedule C of her 2010 return, petitioner presented credit card statements and receipts but no evidence corroborating the claimed business purpose. These items were not substantiated as required by section 274(d) and cannot be allowed.

Petitioner offered proof of amounts spent for gifts, purchases at Hallmark stores, postage, bank charges, telephone, parking and tolls, dues and subscriptions, books and magazines, and museum and theater admissions. She presented a charge for storage of $2,527.20 as proof of "outside services", although the amount in that category on her Schedule C was $269. For such items to be deductible, petitioner must prove by a preponderance of the evidence that they are ordinary and necessary to her business activities under section 162 and not nondeductible personal expenses under section 262. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133. After review of petitioner's credit card statements and telephone bills, respondent conceded that certain minor items are deductible as Schedule C business expenses.

Although petitioner offered a rationale as to why approximately a third of her disposable income was deductible as related to either her UCLA employment

or her travel agent activity, we are not persuaded that the disputed expenses are ordinary, necessary, or directly or proximately related to either. See Deputy v. du Pont, 308 U.S. 488, 493-495 (1940); sec. 1.162-1, Income Tax Regs. We cannot conclude that petitioner has satisfied her burden of proof. Many of the expenses are inherently personal, and petitioner's explanation is improbable and not persuasive. For example, with respect to an amount for "Hummel membership", petitioner explained: "Yes. I--I had thought that that was okay because I used them as displays because they were made in Germany and I would use them to tell people that this is some of the things you could get when you go there, but it may be stretching a point there."

Moreover, the amounts that she has specifically identified as relating to her UCLA employment, particularly after reduction by 2% of her adjusted gross income, are less than the standard deduction claimed on the return and would not justify an additional deduction. Petitioner is not entitled to deduct the items remaining in dispute as business expenses on Schedule C.

Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations or substantial understatement of income tax. A

substantial understatement of income tax exists if the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Under section 7491(c) the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalties are inappropriate because of reasonable cause or substantial authority. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447. It appears that petitioner's understatement will exceed $5,000, notwithstanding respondent's minor concessions. In any event, claiming personal expenses as business expenses and failing to maintain records substantiating any valid deductions constitute negligence for purposes of section 6662(a) and (b)(1). See Higbee v. Commissioner, 116 T.C. at 449; sec. 1.6662-3(b)(1), Income Tax Regs.

The accuracy-related penalty under section 6662(a) is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); see Higbee v. Commissioner,

116 T.C. at 448. Petitioner did not claim reliance on a professional tax adviser. She testified that she just provided information to her return preparer; apparently she did not identify to the preparer the specific items she was deducting. Petitioner is an educated and intelligent person, and we conclude that she knew or should have known that she was "stretching the point" with respect to many more significant items and not just regarding the Hummel membership. The section 6662(a) penalty will be sustained.

To reflect respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.